IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IFC CREDIT CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 C 8030 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| AUSTIN AUTOMOTIVE WAREHOUSE CORP., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff IFC Credit Corporation ("IFC") sued defendant Austin Automotive Warehouse Corporation ("Austin") for alleged non-payment of rent under purported agreements for the rental of telephone equipment from non-party NorVergence, Inc. ("NorVergence"). Plaintiff brought the instant action in the Circuit Court of Cook County, Illinois, claiming that defendant breached the terms of the lease. Defendant removed the case to this court based on diversity of citizenship pursuant to 28 U.S.C. §§ 1441(a) and 1446. Defendant has moved to dismiss the case for lack of personal jurisdiction. For the reasons set forth below, the motion to dismiss is denied, but the case is transferred to the United States District Court for the Eastern District of New York.

### BACKGROUND

Plaintiff is an Illinois corporation with its principal place of business in Morton Grove, Illinois. Upon the bankruptcy filing of non-party NorVergence, NorVergence purportedly assigned all right, title and interest in the lease at issue to plaintiff.

Defendant is a New York corporation with its headquarters and principal place of business in Woodside, New York. Defendant is in the aftermarket automotive parts industry.

Plaintiff alleges that on or about April 15, 2004, plaintiff's assignor, NorVergence, entered into a written equipment rental agreement with defendant. Subsequent to the execution of the agreement, NorVergence filed for bankruptcy and assigned all of its right, title and interest in the agreement, payments due thereunder, and the equipment to plaintiff. Thus, the contract, which is attached to the complaint, is between plaintiff, an Illinois corporation, and defendant, a New York corporation.

## DISCUSSION

Defendant has moved to dismiss, arguing that it has had insufficient contact with the State of Illinois to warrant this court's exercise of personal jurisdiction over it.

In response to that motion, plaintiff relies on a forum selection clause in the original contract between defendant and NorVergence, which provides:

> This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's [NorVergence, Inc.'s] principal offices are located or, if this Lease is assigned by Rentor, the State in which the Assignee's principal offices are located, without regard to such State's choice of law considerations and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor or Rentor's assignee's sole option. You hereby waive right to a trial by jury in any lawsuit in any way relating to this rental.

This court has previously reviewed this exact forum selection clause, stating that it is "not clear that Illinois would enforce any such a provision that fails to identify a specific jurisdiction." *IFC Credit Corporation v. Eastcom*, 2005 WL 43159 (N.D. Ill.); *See e.g. Whirlpool Corp. v. Certain Underwriters at Lloyd's London*, 278 Ill. App. 3d 175, 180, where the court, in refusing to construe a "Service of Suit Clause" specifying "any court of competent jurisdiction" as a true forum selection clause, noted that "[g]ood policy dictates that a true forum selection clause should be clear and specific." In *Eastcom*, the court concluded that it need not decide whether

the forum selection clause was valid because the defendant's motion to dismiss included, in the alternative, a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). *Id.*

Defendant's motion to dismiss in the instant case, however, does not include an alternative motion to transfer. However, even if the forum selection clause is valid, that simply means that defendant has consented to jurisdiction and venue in Illinois and that the defendant's motion to dismiss must be denied. Even without a motion to transfer, the court may find transfer of the case under § 1404(a) is appropriate because § 1404(a) does not contain explicit language requiring that a transfer be ordered only on a party's motion, stipulation or consent. *Robinson v. Town of Madison*, 752 F. Supp. 842, 846 (N.D. Ill 1990). Section 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The decision whether to transfer or dismiss a case pursuant to § 1404(a) lies within the sound discretion of the district court judge. *See Gallery House, Inc. v. Yi*, 587 F.Supp. 1036, 1038 (D.C. Ill.1984).

Further, even if the forum selection clause is not valid, the court still has the authority to transfer the case under 28 U.S.C. § 1406(a), pursuant to which "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Supreme Court has held that a district court has the authority to transfer a case to another judicial district, whether or not the transferor court has personal jurisdiction over the defendant. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465 (1962) ("Nothing in th[e] language [of section 1406] indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants."). *See also,*

*Greenberg v. Miami Children's Hospital Research Institute, Inc.*, 208 F. Supp. 2d 918 (N.D. Ill. 2002) ("Under § 1406(a) this court may transfer this action even if it lacks personal jurisdiction or venue over the parties and action.").

In the interest of justice, the court deems it appropriate to exercise its statutory and inherent authority to transfer this action to the Eastern District of New York. There is simply no reason for this case to be heard in the Northern District of Illinois. The dispute is unconnected to the state of Illinois. Defendant has no offices in Illinois, does not conduct any business in Illinois, and does not have a registered agent in Illinois. There are no witnesses here. The contract at issue was negotiated in New York and defendant's agreement was with NorVergence, a local company less than 30 miles away from defendant. As this court recently held in *Eastcom*, the "fortuitous fact" that the lease was assigned to IFC does not justify keeping the case in this district, which has nothing else to do with the controversy. 2005 WL 43159, at *2.

Before ordering this transfer, however, the court believes that the parties should have an opportunity to object. *Clopay Corp. v. Newell Companies, Inc.*, 527 F. Supp. 733, 738 (D. Del 1981). Accordingly, the parties are granted leave to file objections to, or suggestions supporting, transfer to the Eastern District of New York on or before April 18, 2005.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is denied. The court will receive objections to or suggestions in support of transfer of this action to the Eastern District of New York on or before April 18, 2005. The court will rule by mail.

**ENTER:** April 6, 2005

**Robert W. Gettleman**
**United States District Judge**